# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| [INSERT], | |
|        Plaintiff, | No. [INSERT] |
|    v. | Judge Jeremy C. Daniel |
| [INSERT], | |
|        Defendant. | |

## SCHEDULING ORDER

1.       The deadline to join other parties is [INSERT DATE]. The deadline to amend the pleadings is [INSERT DATE]. Any request for amendment after this deadline will be disfavored and must explain why the amendment could not reasonably have been made earlier. Fact discovery shall close on [INSERT DATE]. Expert discovery shall close on [INSERT DATE]. *Daubert* motions are due on or before [INSERT DATE]. Dispositive motions are due on or before [INSERT DATE]. The Court will set a final pretrial conference and trial date after it has resolved any dispositive motions. The parties can expect trial to start no earlier than three months and no later than six months after the Court has resolved any dispositive motions. If no party files a dispositive motion, the Court will set a final pretrial conference and trial date after the deadline to file dispositive motions has passed. When setting the final pretrial conference and trial date, the Court will also set a schedule for pretrial disclosures and objections thereto.

2.      Case schedule.

| Deadline | Date |
|---|---|
| Amend the pleadings | |
| Join other parties | |
| Serve written discovery | |
| Object to written discovery | |
| File motions related to written discovery | |
| Serve deposition notices or deposition subpoenas | |
| Object to deposition notices or subpoenas | |
| File motions related to deposition notices or subpoenas | |
| Fact discovery closes | |
| Disclose experts | |
| Disclose rebuttal experts | |
| Expert discovery closes | |
| File *Daubert* motions | |
| Respond to *Daubert* motions | |
| Reply to *Daubert* Motions | |
| File dispositive motions | |
| Respond to dispositive motions | |
| Reply to dispositive motions | |

3.      Extensions. Extensions of time are disfavored, even when agreed. Any party seeking an extension of time must show good cause for the extension and demonstrate diligence with respect to the deadline the party seeks to extend.

4.      Settlement. While the Court does not participate in the settlement process, the parties may ask the Court to refer this case to the assigned magistrate judge for purposes of settlement. However, the Court will not modify this scheduling order to accommodate settlement as there is no reason that settlement cannot proceed in parallel with litigation.

5.      Fact discovery. Fact discovery must be completed on or before the fact discovery closing date. Discovery requested before the fact discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with

2

this order. Nothing in this scheduling order relieves a party of its duty to supplement its disclosures and responses under Fed. R. Civ. P. 26(e).

6.     <u>Fact discovery disputes</u>. The parties must confer on all discovery disputes before seeking any relief from the Court. In accordance with Fed. R. Civ. P. 16(b)(3)(B)(v), before moving for an order related to fact discovery, the movant must request a conference with the Court. The conference will be held via WebEx. To request a conference with the Court, the movant shall file a summary that outlines all pending disputes and notice the summary as a motion. To be clear, the summary is neither a motion nor a brief. Rather, it is simply an agenda for the conference with the Court and only should include the discovery request(s) at issue, any objections thereto, and any additional information that the parties agree is necessary to the resolution of the dispute. The Court will strike any summary that advocates for a position. The conference, during which the Court will attempt to resolve the dispute, will take place remotely. If the Court cannot resolve the dispute during the conference, the Court will set a briefing schedule concerning the dispute.

7.     <u>Expert discovery</u>. Rebuttal experts are limited to responding to issues raised in another party's initial expert disclosures. To the extent that a party seeks leave to supplement its expert disclosures to respond to an issue raised by a rebuttal expert, it must do so within twenty-one days of the deadline to disclose rebuttal experts. Failure to make an expert available within the deposition period will result in the exclusion of that expert's testimony at trial. Nothing in this scheduling order

relieves a party of its duty to supplement its disclosures and responses under Fed. R. Civ. P. 26(e).

8.     Dispositive motions. Any motion for summary judgment must comply with Fed. R. Civ. P. 56, Local Rule 56.1, and the following:

a.     No party may file a motion for summary judgment prior to the close of fact discovery without prior leave of the Court.

b.     No party may file more than one motion for summary judgment without prior leave of the Court.

c.     Any memorandum of law in support of a motion for summary judgment shall not exceed thirty pages; responses shall not exceed thirty pages; replies shall not exceed fifteen pages. While incorporation by reference is permitted; the pages incorporated count against the incorporating party's page limit. For example, if Defendant A moves for summary judgment on Issue A and uses five pages to set forth its position on Issue A, Defendant B can incorporate Defendant A's Issue A arguments by reference. In this example, Defendant B's memorandum of law in support of a motion for summary judgment on any other issues Defendant B raises shall not exceed twenty-five pages, which together with the five pages incorporated on Issue A, totals thirty pages. The aim here is to prevent parties in a multiple-plaintiff or multiple-defendant case from skirting the thirty-page limit.

d.     Local Rules 56.1(d)-(f) set forth requirements concerning statements of facts. Each numbered paragraph must assert one material fact.

4

Each asserted fact must be supported by citation(s) to the specific evidentiary material that supports the material fact. The Court will strike any numbered paragraphs that disregard these requirements by, for example, asserting multiple material facts in a single numbered paragraph, failing to cite with specificity to evidence that supports the fact, or by including legal argument in the statement of facts. This list is not exhaustive.

Date: _____

_____
JEREMY C. DANIEL
United States District Judge